Matter of Timothy C. (2025 NY Slip Op 06004)

Matter of Timothy C.

2025 NY Slip Op 06004

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-2096
[*1]In the Matter of Timothy C., Appellant.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellant.

Aarons, J.
Appeal from that part of an order of the Supreme Court (James Walsh, J.), entered May 3, 2024 in Saratoga County, which, in a proceeding pursuant to Civil Rights Law § 60, denied petitioner's request to seal court records.
Petitioner is a transgender individual who, self represented, commenced this proceeding in February 2024 to change her name and to seal the court record of this proceeding pursuant to Civil Rights Law § 64-a. By order entered in May 2024, Supreme Court granted the name change but denied her sealing request because the court's list of "public interest concerns" outweighed "any safety concerns raised by [petitioner's] application."[FN1] Petitioner thereafter retained counsel, noticed an appeal from the May 2024 order and moved to renew or reargue her sealing request. Supreme Court, in a September 2024 order, granted petitioner's motion but adhered to its prior determination denying petitioner's sealing application, citing the same public interest concerns as well as three lawsuits against petitioner initiated after she commenced this proceeding. This appeal by petitioner ensued.[FN2]
We modify the order to grant petitioner's sealing request. Pending lawsuits under the applicant's former name may be relevant to whether there exists a "reasonable objection to the change of name proposed" (Civil Rights Law § 63; see generally Matter of Powell, 95 AD3d 1631, 1632-1633 [3d Dept 2012]; Matter of Golden, 56 AD3d 1109, 1110-1111 [3d Dept 2008]), but nothing in the statute conditions sealing the record of the name change proceeding upon an applicant's financial circumstances or the status of unrelated civil litigation. Indeed, whether to grant or deny a sealing request under Civil Rights Law § 64-a depends solely upon the potential for harm to the applicant arising from public access to a court record of the applicant's name change proceeding (see Civil Rights Law § 64-a [1]; Matter of Cody VV. [Brandi VV.], 226 AD3d 24, 27-29 [3d Dept 2024]). As such, a court abuses its discretion by relying upon real or theoretical "public interest concerns" to deny a Civil Rights Law § 64-a sealing request.
Here, petitioner affirmed her transgender status and that she is seeking a name change that aligns with her gender identity. She stated that individuals in her community are unaware that she is a transgender individual, and an open court record would reveal that status thereby exposing her to potential bullying, threats, harassment and discrimination. Petitioner has demonstrated that she is entitled to have the record of this name change proceeding sealed pursuant to Civil Rights Law § 64-a (see Matter of KA, 85 Misc 3d 1210[A], 2025 NY Slip Op 50128[U], *2 [Civil Ct, Kings County 2025]; cf. Matter of M.M.H., 70 Misc 3d 1203[A], 2020 NY Slip Op 51544[U], *3 [Sup Ct, Erie County 2020]). Thus, for the reasons stated in Matter of Kieran B. (___ AD3d ___, ____ [3d Dept 2025] [decided herewith]), Supreme Court abused its discretion in denying petitioner's sealing [*2]request.
Garry, P.J., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request to seal court records; application granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: That list "include[ed], but [was] not limited to, the due process of any judgment creditors, the effects upon powers of attorney, any unknown implications with Article 81 proceedings, the due process in foreclosure actions, deed recordation and title insurance, mortgages recorded with the County Clerk's office, probate matters, interference with single scope background investigations for security clearance purposes or firearm authorizations, and lastly, any adverse impact upon future genealogical research."

Footnote 2: Although petitioner did not appeal from the September 2024 order, we are authorized to review it pursuant to CPLR 5517 (b) (see Galway Co-Op.com, LLC v Niagara Mohawk Power Corp., 171 AD3d 1283, 1284 [3d Dept 2019]).